IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| APRIL CARSON, on behalf of K.A, a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-1021-R |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her child's application for Supplemental Security Income benefits (SSI) under § 1614(a)(3)(C) of the Social Security Act and 42 U.S.C. § 1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ____). The parties have briefed their positions, and the matter is now at issue. It is recommended that the Commissioner's decision be **AFFIRMED**.

### I.  Procedural background

Plaintiff's application for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision.

(TR. 49-62). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. Determination of disability for children

### A. Statutory basis

The Social Security Act provides that "[a]n individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

### B. Regulatory framework and three-step sequential process

#### 1. Steps one and two

The Commissioner applies a three-step sequential inquiry to determine whether an individual under the age of 18 is disabled. *See* 20 C.F.R. § 416.924(a). At the first step, it is determined whether the child is engaged in substantial gainful activity. *Id.* at § 416.924(b). If not, the inquiry continues to the second step for consideration of whether the child has a severe determinable impairment(s). *Id.* at § 416.924(c).

#### 2. Step three

If a child has a medically determinable impairment, the question at the third step is whether such impairment meets, medically equals, or functionally equals a listed impairment. *Id.* at § 416.924(d). A finding that a child is not disabled is made if the

impairment does not meet the twelve-month duration requirement or if the impairment does not meet, medically equal, or functionally equal the listings. *Id.* at § 16.924(d)(2).

### a. Medically meeting or equaling an impairment

A child's impairment "causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings . . . ." *Id.* at § 416.924(d); *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.4.

### b. Functionally equaling an impairment

A child's impairment functionally equals an impairment if the impairment(s) is "of listing-level severity . . . *i.e.*, it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain . . . ." *Id.* at § 416.926a(a), (d).

#### i. The six domains

The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. *Id.* at § 416.926a(b)(1).

#### ii. Marked and extreme limitations

A child has a "marked" limitation in a domain if an impairment seriously interferes with the child's "ability to independently initiate, sustain, or complete activities." *Id.* at § 416.926a(e)(2). A marked limitation may also be found if the child has a valid score that is two standard deviations or more below the mean, but less than three standard deviations, on the comprehensive standardized test designed to

3

measure a particular domain, although the Commissioner will not rely solely on the test results. *Id.* at §§ 416.924a(a)(1)(ii), 416.926a(e)(2). If the interference is "very serious[]", the limitation is considered "extreme." *Id.* at 416.926a(e)(3).

In assessing whether a child has "marked" or "extreme" limitations, the ALJ considers the functional limitations from all medically determinable impairments, including any impairments that are not severe. *Id.* at § 416.926a(a). The ALJ must consider the interactive and cumulative effects of the child's impairment or multiple impairments in any affected domain. *Id*. at § 416.926a(c). The ALJ is required to compare how appropriately, effectively and independently the child performs activities compared to the performance of children of the same age who do not have impairments. *Id.* at § 416.924a(b).

### III. The ALJ's Decision

In addressing the Plaintiff's disability application the ALJ followed the three-step sequential evaluation process established for minor children and set forth in 20 C.F.R. §416.924(a). At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the July 31, 2009, the alleged disability onset date, so the process continued (TR. 52). At step two, the ALJ concluded that the Plaintiff suffers from severe impairments due to diabetes mellitus, type 1. (TR. 52). At step three, the ALJ found in terms of the six functional equivalence domains that Plaintiff has (1) no limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others;

4

(4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for herself; and (6) a marked limitation in health and physical well-being (TR. 57-62).

Accordingly, since Plaintiff does not have an impairment or combination of impairments that result in either "marked" limitations in two domains of functioning or "extreme" limitation in one domain of functioning, the ALJ found Plaintiff not disabled at step three of the sequential evaluation process used for determining disability for children. 20 C.F.R. §416.924(a); (TR. 62).

**IV.     Issues Presented**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence; and that the ALJ failed to properly respond to the proffer response of Plaintiff's counsel.

**V.      Standard of Review**

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

**VI.     Analysis**

   **A.     Substantial Evidence**

In October 2009, Plaintiff underwent a consultative physical examination performed by Seth Nodine, M.D., who found that Plaintiff's best corrected vision was

20/40; that her blood sugar varies and continues to run high; and that she has had physical and emotional adjustments because of being diabetic. Dr. Nodine assessed Plaintiff as having type 1 insulin dependent diabetes diagnosed at the age of 8. (TR. 228-229).

At the October 2011 hearing, Kweli Johari Amusa, M.D. (referred to as Dr. Moussa in the hearing transcript) (internist), testified as a medical expert (ME) (TR. 115). Dr. Moussa stated that Plaintiff fails to meet or medically equal, or functionally equal one of the listed impairments; and that she has diabetes which requires frequent monitoring and frequent administration of insulin. (TR. 29, 32). Dr. Moussa also testified that Plaintiff has no limitations in the functional equivalence domains of acquiring and using information, attending and completing tasks, moving about and manipulating objects, and in the ability to care for herself. (TR. 33-34). Dr. Moussa found that Plaintiff had a "less than marked" limitation in interacting and relating with others; and a marked limitation in health and physical well-being. (TR. 33-34).

In December 2011, Plaintiff underwent a psychological evaluation performed by Robert Danaher, Psy.D., who reported that Plaintiff denied experiencing symptoms of depression; that she does not feel like a failure and does not cry any more than she used to; and that she has not lost interest in activities previously interesting to her. (TR. 354). Dr. Danaher also reported that Plaintiff has some difficulties with mild agitation; and that she gets along well with others. (TR. 354). Intelligence testing revealed that Plaintiff has a verbal scale IQ of 82, a performance scale IQ of 93, and a full scale IQ of

86 (TR. 355). Dr. Danaher further states that "it is reasonable to conclude that the patient is in a lecture for a false within the low average to average range." (TR. 355).

Plaintiff makes the bald assertion that the Commissioner's decision is not supported by substantial evidence. (ECF 11:2-3). Plaintiff does nothing to develop this argument. Generally, the Court only considers contentions that Plaintiff has adequately briefed. *Miller v. Astrue*, 496 F. App'x 853, 855 (10th Cir. 2012).

On the contrary, the undersigned has reviewed the record and finds that the ALJ provided a thorough and well-reasoned explanation of the medical evidence; and his findings are supported by substantial evidence. Thus, these findings will not be disturbed on appeal.

### B. The Lack of a Proffer Response

At the October 2011 hearing, the ALJ and Plaintiff's counsel determined that psychometric testing of Plaintiff would be helpful. (TR. 38). When the consultative examiner (CE), Dr. Danaher, completed the testing the results were examined by Plaintiff's counsel who inquired as to the meaning of the phrase "It is reasonable to conclude that the patient is in a lecture for a false within the low to average range." (TR. 355); (ECF No. 11:3). The ALJ did not respond to Plaintiff's counsel's request to clarify the language, and rendered his decision on July 11, 2012. (ECF No. 11:5); (TR. 62). Plaintiff now asserts that it was error for the ALJ to deny her the right to "object to the evidence, send more questions to the CE, ask for a supplemental hearing or ask that the CE be called to a supplemental hearing for cross-examination." (ECF No. 11:4).

7

The Tenth Circuit Court of Appeals has held that in conducting a review the Court "should, indeed must, exercise common sense. . . .The more comprehensive the ALJ's explanation, the easier our task, but we cannot insist on technical perfection." *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166 (10th Cir. 2012). A common sense reading of what must have been a report dictated by Dr. Danaher is "the patient intellectually falls within the low average to average range." (TR. 355); (ECF No. 12:4). This finding is consistent with the balance of Dr. Danaher's report and the record as a whole.

This unfortunate transcription error is harmless, given that Plaintiff has failed to show any prejudice or any potential impact on the disposition of the case. *Barnett v. Apfel,* 231 F.3d 687, 689 (10th Cir. 2000); *Butterick v. Astrue,* 430 F. App'x 665, 667 (Claimant must show prejudicial violation of HALLEX to obtain relief). Indeed, given the medical record as a whole, the absence of a severe mental impairment, and the evidence the "ALJ did at least consider (just not properly), we could confidently say no reasonable factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Fischer-Ross v. Barnhart,* 431 F.3d 729, 733-734 (10th Cir. 2005); (TR. 53-62).

Thus, it appears that the failure of the ALJ to respond to the proffer response of Plaintiff's counsel was harmless error.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 17, 2015**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 2, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE